# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

COREY BURNS, an individual, )
)
        Plaintiff, )
)
v. ) Case No. CIV-13-528-KEW
)
DAL-ITALIA, LLC, a foreign )
limited liability corporation, )
d/b/a DAL-TILE, )
)
        Defendant. )

## O R D E R

This matter comes before the Court on Defendant's Motion in Limine (Docket Entry #107). Defendant seeks to preclude references at trial to a litany of issues. This Court will address each in turn.

(1) Evidence of claims or complaints of discrimination, retaliation or harassment by any employees of Defendant other than Plaintiff – Plaintiff responds that he does not intend to offer evidence of Defendant's treatment of other employees.

(2) Evidence of alleged discrimination based on disability not contained in Plaintiff's charge of discrimination – Plaintiff concedes that no such evidence will be introduced.

(3) Evidence of any alleged personal bias of non-decision makers – Plaintiff does not allege any such bias. He does intend to introduce evidence of various supervisors' perception of his disability and whether it posed a safety issue at the facility. This Court does not perceive this proposed evidence as pertaining

to or including "personal bias" evidence.

(4) Evidence of the findings of the Oklahoma Employment Security Commission ("OESC") in connection with Plaintiff's claim for unemployment benefits – Plaintiff concedes that the findings of the OESC should be excluded from the evidence presented at trial

(5) Evidence that Plaintiff was terminated as evidence by the fact that he received unemployment benefits from the OESC – Plaintiff states that he does not intent to utilize the records of the OESC to establish that he was terminated.

(6) Evidence relating to any of Plaintiff's claims which are dismissed by this Court or by Plaintiff prior to trial – Plaintiff states he will conform his evidence to not argue a violation of the Family Medical Leave Act. He states, however, that he will argue the granting of FMLA leave was an accommodation under the ADA and to vitiate any claim of safety concerns for Plaintiff's continuation in working at the facility. Again, this Court does not perceive that Plaintiff's accommodation argument entails pursuing the dismissed FMLA claim.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine (Docket Entry #107) is hereby **GRANTED**. Plaintiff shall not introduce evidence of (1) complaint or claims of discrimination by Defendant's employees other than Plaintiff; (2) alleged disability discrimination not contained in Plaintiff's charge; (3) alleged personal bias of non-decision makers; (4) the findings of the OESC

in connection with Plaintiff's claim for unemployment benefits; (5) Plaintiff's termination through his receipt of unemployment benefits from the OESC; and (6) dismissed claims.

IT IS SO ORDERED this 18th day of February, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE