# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

COREY BURNS, an individual, )
)
        Plaintiff, )
)
v. ) Case No. CIV-13-528-KEW
)
DAL-ITALIA, LLC, a foreign )
limited liability corporation, )
d/b/a DAL-TILE, )
)
        Defendant. )

## O R D E R

This matter comes before the Court on Plaintiff's Motion in Limine (Docket Entry #102). Plaintiff seeks to preclude references at trial to (1) his prior criminal conviction; and (2) his prior drug use. Plaintiff admits that he used methamphetamine in the past but discontinued use in July of 2005. As a result, Plaintiff contends that evidence of his prior drug use should be excluded as not relevant to the claims in this case. He further asserts that the introduction of this evidence to the jury will be unduly prejudicial. For its part, Defendant contends the evidence of prior drug use is relevant "because evidence exists that it was Plaintiff's methamphetamine use that caused his seizure disorder." Defendant is concerned that Plaintiff's seizure condition will elicit sympathy from the jury and it seeks to counter that perception by introducing evidence of his drug use as a possible cause for his condition.

This action lies in an alleged violation of the Americans with

Disabilities Act ("ADA").  The argument could be made in any such action that the disability from which a particular employee suffers might appeal to the sympathies of a jury.  This reality does not obviate the blatant prejudice which the introduction of the cause of the injury or disability would bring about.  Moreover, the origination of the employee's disability is irrelevant to the elements of an ADA claim.  No evidence exists that Plaintiff used drugs while in Defendant's employ.  As such is the case, evidence of Plaintiff's prior drug use will not be introduced at trial as not relevant and unduly prejudicial.

Plaintiff also admits that he was convicted of forgery and possession of methamphetamine in 1994.  Defendant contends the evidence of Plaintiff's prior drug possession crime is relevant since the evidence of his prior drug use is relevant to the issue of demonstrating the cause of his seizure condition to the jury. Since Plaintiff's prior drug use is inadmissible, his prior drug conviction will not be introduced at trial.

Defendant further asserts that Plaintiff's prior conviction for forgery is admissible under Fed. R. Evid. 609(a)(2) since it involves a dishonest act or false statement.  Plaintiff contends the evidence of his conviction is inadmissible under Fed. R. Evid. 609(b) since more than 10 years have passed since his conviction or release from confinement.  The exception to this time limitation requires that the court find the evidence's "probative value,

supported by specific facts and circumstances, outweighs its prejudicial effect" and the adverse party gives reasonable written notice of the intent to introduce the evidence. Id.

Defendant states that the purpose for introducing the prior conviction involving a dishonest act is to show Plaintiff is not credible when he informed Dr. Goldman that he was "seizure free" when he, in fact, was not. The probative value of a conviction some 22 years in the past is simply outweighed by the prejudice it will serve upon Plaintiff. The prospect that a dishonest act that stale in time reflects upon his credibility today is undeniably tenuous and precludes the introduction of this evidence.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine (Docket Entry #102) is hereby **GRANTED**. Defendant shall not introduce evidence of Plaintiff's prior methamphetamine use or of his conviction for methamphetamine possession and forgery in 1994 at trial.

IT IS SO ORDERED this 18th day of February, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE